**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN THE MATTER OF THE COMPLAINT OF                           CIVIL ACTION
MARQUETTE TRANSPORTATION COMPANY
LLC, ETC.                                                                               NO. 10-4374 c/w 10-4377

                                                                                                SECTION "C" (2)

**ORDER & REASONS**[1]

Before the Court is limitation Claimant's Motion to Increase Limitation Fund, Merge Cause of Action, and Lift Stay. (Rec. Doc. 25). Having considered the record, memoranda of counsel and the law, the Court finds that limitation Claimant's Motion should be DENIED.

**I. Background**

This case arises out of an incident on January 12, 2010, in which limitation Claimant Marlon Coleman was allegedly injured while traveling from the M/V LADY OF FATIMA ("FATIMA"), a towing vessel, to shore in a twelve-foot aluminum skiff. (Rec. Doc. 25-7 at 1-2). Claimant was employed as a deckhand by Marquette Transportation Company LLC ("Marquette"), which owned both the FATIMA and the skiff, and had allegedly been charged to travel to shore in the skiff to pick up an electrician who was to conduct repairs on the FATIMA. *Id*. at 1-2. As he was traveling to shore, the skiff began to fill with water and eventually sank. *Id*. at 2. Claimant alleges that as a result of the skiff's sinking, he sustained physical and emotional injuries.

Marquette filed two limitation actions under the Limitation of Liability Act, and deposited security for each. 46 U.S.C. § 181 *et seq*. (2000); (Rec. Doc. 26 at 2). One limitation fund is

---

[1] Gillian Gurley, a third-year law student at Tulane University, assisted in the preparation of this document.

comprised of the stipulated value of the aluminum skiff that Coleman was operating when he was allegedly injured, $3,822.00; the other fund is comprised of the value of the FATIMA, with a stipulated value of $1,901,500.00. (Rec. Doc. 3); (Rec. Doc. 18-1 at 2). On December 2, 2010, the two actions were consolidated. (Rec. Doc. 5). This Court issued two orders that all persons asserting claims with respect to which the owner seeks limitation must file in the limitation actions on or before June 30, 2011. (Rec. Doc. 24 at 2). In the same orders, the Court issued stays of and injunctions against all proceedings in any jurisdiction against Marquette. (Rec. Doc. 15; Rec. Doc. 24). One order applied to the limitation action for the skiff, the other for the FATIMA. The purpose of these orders was to effect a "concursus" of claims against Marquette for all claims arising out of the incident of January 12, 2010.[2] Coleman filed claims in both limitation proceedings. (Rec. Docs. 6 and 7). Two separate limitation funds remain.

Coleman seeks to increase the limitation fund for the skiff by adding to it the value of the FATIMA, or vice versa, or by a "merger" of the two limitation funds. (Rec. Doc. 25). In support of his argument, Coleman claims that the skiff is an appurtenance of the vessel or, in the alternative, that the flotilla doctrine applies to his claims.[3] (Rec. Doc. 25-1 at 2, 4). Coleman also moves to have the stay of proceedings against Marquette lifted, and states that if the limitation fund amounts are combined, he will agree to reserve limitation of liability issues to the Court, to waive any *res*

---

[2] A concursus requires that all persons who have claims which arise out of a casualty submit those claims in one proceeding. A shipowner can thus have other proceedings against it enjoined, and plaintiffs in other proceedings must come before the limitation court as claimants in the limitation proceeding to present their claims and attempt to share in the limitation fund. *See* Robert Force, "Limitation of Liability in Oil Pollution Cases," 22 Tul. Mar. L.J. 331, 334 (1998).

[3] The value of all equipment and appurtenances of the vessel are included in the assessment of the limitation fund. *The Main v. Williams*, 152 U.S. 122 (1894). The flotilla doctrine provides that for a claim arising out of a contractual agreement (such as an employment contract), the values of all vessels under common ownership, engaged in a common enterprise, are combined in the limitation fund. *Brown & Root Marine Operators, Inc. v. Zapata Offshore Co.*, 377 F.2d 724 (5th Cir. 1967).

*judicata* claim related to limitation, and to refrain from enforcing in any state court a judgment in excess of the limitation fund.[4] (Rec. Doc. 25-1 at 8).

Marquette opposes the Motion on several grounds: 1) it would be improper under the Federal Rules of Civil Procedure to "merge" the causes of action as it would effectively dismiss one limitation complaint in order to increase the limitation fund in the other; 2) the question of whether Coleman possessed sole control over the skiff must be determined before the amount in the limitation funds is altered; 3) the flotilla doctrine does not apply because each limitation fund is adequate; 4) a trial is required to determine whether or not to apply the flotilla doctrine; 5) the motion to lift stay is premature; 6) the motion to lift stay does not have adequate stipulations. (Rec. Doc. 26).

## II. Law & Analysis

The Limitation of Liability Act aims to protect shipowners from excessive liability by setting a cap on damages which may be recoverable from them when a maritime casualty occurs. Thus, if

---

[4] A district court may lift a stay against a limitation claimant if certain requirements are met.

> In mediating between the right of shipowners to limit their liability in federal court and the rights of claimants to sue in the forum of their choice, federal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court.

*Odeco Oil and Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996).

certain requirements are met, recovery is limited to the post-casualty value of the vessel and its pending freight.[5] 46 U.S.C. § 183(a); Texaco *v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims governs the actual procedures for a limitation action. Fed. R. Civ. P. Supp. R. F.

Within six months of written notice of a claim arising out of the maritime casualty, the vessel owner must petition for limitation. 46 U.S.C. § 185. Once a limitation action has been filed in federal court, the court will require the vessel owner to deposit a sum or security in an amount equal to his interest in the vessel and pending freight. Fed. R. Civ. P. Supp. R. F(1). Once a vessel owner has complied with Rule F(1), the court will enjoin plaintiffs with claims against the owner arising from the same incident from filing or continuing actions against the limitation petitioner in other courts. Fed. R. Civ. P. Supp. R. F(3). Notice is given to all potential claimants to file their claims in the limitation proceeding. Fed. R. Civ. P. Supp. R. F(4). Claimants then have a period of time in which to bring their actions against the vessel owner or face default. In this case, the date by which all claims must be made in the limitation proceeding is June 30, 2011. (Rec. Doc. 24 at 2).

A limitation claimant such as Coleman may file a motion to have the fund increased on two grounds: either the amount deposited with the court is less than the value of the owner's interest in the vessel and pending freight, or the fund is not sufficient to cover the claims against the owner with respect to death or bodily injury. Fed. R. Civ. P. Supp. R. F(7).[6] In such a case, the burden is

---

[5] The incident must have occurred without the vessel owner's privity or knowledge. 46 U.S.C. § 183(a).

[6] Rule F(7) provides:
> [a]ny claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight.

4

on the movant.

Thus far, claimant Coleman is the only party to come forward and make a claim in either limitation proceeding. As a personal injury claimant, Coleman has the right to have the limitation fund increased up to a maximum of $420 per ton of the vessel's tonnage if the fund is not adequate to cover all of the personal injury losses in full. 46 U.S.C. app. § 183(b) (2000). Coleman has not shown, however, that either of the limitation funds will be insufficient to cover his claims.

Though neither the Limitation Act nor the Rules provide specific guidance on when an increase or decrease in the limitation fund may be appropriate, the Court finds Coleman's Motion is premature.[7] The period by which any claimants must file a complaint in the present limitation actions has not run, and is due to expire on June 30, 2011. Therefore, without more evidence that either of the limitation funds will be insufficient to satisfy Coleman's alleged claims, and before the period by which any claimant may file an action in the limitation suit has run, neither of the limitation funds will be subject to increase or decrease. The Court also declines to "merge" the claims, an action which is not supported by the Supplemental Rules.

Because the time has not run for all potential claimants to file in the limitation actions, and because Coleman has not shown that either of the limitation funds is inadequate to cover his claim,

---

> Thereupon the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction. In like manner any claimant may demand that the deposit or security be increased on the ground that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury; and, after notice and hearing, the court may similarly order that the deposit or security be increased or reduced.

[7] The Supreme Court has noted that the Limitation act is "not a model of clarity," because Congress, "having created the right to seek limited liability...did not provide procedures for determining the entitlement." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 447 (2001).

his Motion to Increase Limitation Funds, Merge Cause of Action, and Lift Stay is hereby DENIED.

### III. Conclusion

For the reasons stated above,

IT IS ORDERED that Claimant's Motion to Increase Limitation Funds, Merge Cause of Action, and Lift Stay is hereby DENIED.

New Orleans, Louisiana, this 18th day of April, 2011.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**